## RASCHKA v. CITY OF HOBART.

[No. 13,049. Filed April 6, 1928. Rehearing denied June 22, 1928.]

*R. R. Peddicord,* for appellant.

*Floyd E. Demmon, Wildermuth & Force* and *Charles F. Reed,* for appellee.

NICHOLS, J.—Appellant, along with twenty other property owners, filed his separate remonstrance before the common council of the city of Hobart, a city of the fifth class, wherein appellant set forth that a certain street improvement assessment upon his property did not equal the benefits, which remonstrance was overruled and said assessment sustained, whereupon he appealed from the decision of such common council to the Lake Circuit Court.

Appellee filed its demurrer to the complaint, which the court sustained. Appellant excepted and refused to plead further, and the court rendered judgment for appellee, from which this appeal.

The error assigned is that the trial court erred in sustaining appellee's demurrer to appellant's complaint.

Appellee presents by its demurrer and contends that property owners living in a city of the fifth class have no right under the law to appeal from the decision of the common council to the superior or circuit court, for the reason that the law does not provide a method therefor, while appellant contends that the law does provide a method of appeal and that such method was followed as set forth in §10344 Burns 1926, Acts 1919 p. 635. The Acts 1925 p. 211, §10448 Burns 1926, gives property owners the right to appeal,

but does not state how the appeal should be taken. This section is an amendment of Acts 1919 p. 625 §8716 Burns' Supp. 1921, which did state how appeals should be taken, and this amendment was evidently made because there was another statute on taking appeals, and by using but one method confusion would be avoided.

But §11183 Burns 1926, Acts 1913 p. 12, provides that the act as to street improvements in cities of the first, second, third and fourth classes should apply to cities of the fifth class, and to incorporated towns, and that the duties of the board of public works should be performed, in cities of the fifth class, by the common council. Therefore, §10344, *supra*, which provides for appeals from boards of public works, also applies to cities of the fifth class which have a common council, as the common council performs the duties and takes the place of a board of public works for those cities not having such boards. We cannot agree with appellee's contention that because a city of the fifth class, or incorporated town, has no board of public works, its property owners cannot appeal to the circuit or superior court for redress, but that property owners in cities of a class having a board of public works, can appeal for such redress. We do not think that the legislature intended so to discriminate against the property owners of cities of the fifth class and incorporated towns.

Reversed, with instructions to overrule appellee's demurrer to the complaint.