CITY OF CROWN POINT *v.* NEWCOMER ET AL.

[No. 25,930.   Filed April 28, 1933.]

Pattee & McMahan and Herbert T. Johnson, for appellant.

Newell Mecartney, Frederick C. Crumpacker, Edwin H. Freidrick, and Joy E. Darlington, for appellees.

ROLL, J.—Appellees filed their remonstrances with the city council of the city of Crown Point, a city of the fifth class, claiming that certain assessments levied against their property for paving a public street in said city, and for the construction of curbs and gutters in the same street were, among other things, too high.

The city council overruled appellees' remonstrances and confirmed the assessments levied against the real estate owned by appellees.

Appellees then appealed from the action of the city council in overruling their remonstrance to the paving assessment to the Lake Superior Court, Room 1. They also appealed from the action overruling their remonstrance to the curb and gutter assessment to the Lake Superior Court, Room 5, which appeal was later transferred to Room 1, and was there consolidated with the action appealing from the pavement assessment. The two cases were submitted and tried together by the court.

Appellant filed a motion to dismiss each complaint for want of jurisdiction of the subject matter, which was overruled with exceptions. Appellant then filed separate demurrers to each complaint for want of jurisdiction of the subject matter and for insufficient facts, which were overruled by the court with exceptions.

The court found in favor of appellees and reduced the assessments from the aggregate sum of $1,914.03 to $1,121.20, and that the assessment rolls should be amended to conform to the assessments fixed by the court.

Appellant filed its motion for a new trial in due time which was overruled, hence this appeal.

The errors assigned are:

1. The trial court erred in overruling appellants' demurrer to appellees' complaint appealing from the assessment for cost of pavement.

2. The trial court erred in overruling appellants' demurrer to appellees' complaint appealing from the assessment for cost of curb and gutter.

3. The trial court erred in overruling appellants' motion to separately and severally dismiss each of appellees' complaint.

4. The trial court erred in overruling appellants' motion for a new trial.

5. The decision of the trial court is contrary to law.

Appellant presents, by its demurrers and motions to dismiss, the question whether or not property owners living in a city of the fifth class have the right under the law to appeal from the decision of the common council as to the amount of assessment to be levied against property for street improvements, to the Circuit or Superior court.

Appellees claim the right of appeal by virtue of Section 10448 Burns Ann. St. 1926, Acts 1925, p. 211, which is an amendment to Section 111, which was, "An act concerning municipal corporations," Acts 1905, p. 219, which provided in part:

"Provided, That any owner of any lot or parcel of land so assessed as aforesaid shall have the right to take an appeal to the Circuit or Superior court of the county in which said city or town is located, provided such owner has filed a written remonstrance with said board. . . ."

And by virtue of §10344 Burns Ann. St. 1926, Acts 1919, p. 635, which provides in part as follows:

"That all appeals now allowed, or which may hereafter be allowed by law from any action or decision of the board of public works or board of park commissioners of any city shall be taken by the

party appealing, filing in the Circuit or Superior court of the county wherein such city is located, an original complaint against such city as defendant. Such complaint on appeal shall be filed within twenty days from the date of the action or decision of the board complained of. One or more parties appealing may join in same complaint. Such appeals shall not be taken by transcript. Such complaint on appeal shall contain; . . .''

Appellees say that the first above statute grants the right of appeal, and the second statute prescribes the procedure. It is clear that appellees followed the procedure as set out in the last above section, and unless said section is applicable, there is no procedure prescribed by statute in this state, whereby a property owner in a city of the fifth class or property owners in a town may appeal from the decision of the city council in fixing the amount of assessment against their property for public improvements.

Appellant calls our attention to the title of the last above section (Section 10344 Burns 1926, Acts 1919, p. 635), which title reads as follows: "An act concerning appeals from boards of public works and boards of park commissioners of cities, in all matters where appeals are now or may hereafter be allowed by law, repealing all laws in conflict herewith, and declaring an emergency,'' and observes that this is an independent and not an amending statute, nor a part of the act "concerning municipal corporations'' passed in 1905, and as cities of the fifth class or towns do not have boards of public works, but only city councils, the above act only applies and prescribes the procedure for appeals from the actions taken by the board of public works, and not to appeals taken from the action of city councils.

By §11183 Burns Ann. St. 1926, Acts 1913, p. 12, which is an amendment to the 1905 act concerning municipal corporations, provides that the provisions of the municipal corporation acts relating to street, sewer, and

other public improvements in cities of the first, second, third and fourth class cities shall apply to cities of the fifth class and to incorporated towns, and further provides that, "the duties of the board of public works in relation to such matters shall be performed, in cities of the fifth class by the common council, . . ."

Our construction of the above statute and its application to the facts in this case is, that when the common council of Crown Point met and took action in reference to public street improvements and assessed appellees' property for such improvements, and did and performed the things that boards of public works in cities of the first, second, third and fourth classes would do, they were in fact, and for all intent and purpose the "board of public works" of said city, and would come within the purview of the term, "board of public works" as used in §10344, *supra*, which provides the procedure for appeals from boards of public works.

This exact question was before the Appellate Court of this state in the case of *Raschka* v. *City of Hobart* (1928), 87 Ind. App. 538, 161 N. E. 650. We quote the following excerpt from that case:

"But §11183 Burns 1926, Acts 1913, p. 12, provides that the act as to street improvements in cities of the first, second, third and fourth classes should apply to cities of the fifth class, and to incorporated towns, and that the duties of the board of public works should be performed, in cities of the fifth class, by the common council. Therefore, §10344, *supra*, which provides for appeals from boards of public works, also applies to cities of the fifth class which have a common council, as the common council performs the duties and takes the place of a board of public works for those cities not having such boards. We cannot agree with appellee's contention that because a city of the fifth class, or incorporated town, has no board of public

works, its property owners cannot appeal to the circuit or superior court for redress, but that property owners in cities of a class having a board of public works, can appeal for such redress. We do not think that the legislature intended so to discriminate against the property owners of cities of the fifth class and incorporated towns."

We therefore conclude that under the above statute (§10448) appellees had the right to appeal from the action of the city council, and the procedure provided in §10344, *supra,* applies to cities of the fifth class which have a common council, as the common council performs the duties and takes the place of a board of public works for those cities not having such board.

Appellant contends that if §10344, *supra,* is held to provide the procedure for appeals from actions taken by the city council in fifth class cities, it is unconstitutional as violative of §19 of Art. 4 of our state constitution which provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be embraced in the title, . . ." and calls attention to the fact, that the title to said §10344, *supra,* provides for appeals from "boards of public works and boards of park commissioners," and does not provide for appeals from "city councils." Our determination that the term, "boards of public works," as used in said statute is sufficiently broad and comprehensive enough to include city councils in fifth class cities which have no board of public works, when said council sits and acts in the capacity of a board of public works, is a complete answer to appellants' contention.

Appellant also contends that §10448 Burns 1926, Acts 1925, p. 211, is unconstitutional and violates §20, Art 1, of the bill of rights of the state constitution, which provides: "In all civil cases, the right of trial by jury shall remain inviolate."

The proceeding provided by Sections 10344-10350 Burns 1926 (chapter 143, Acts 1919, p. 635), is a statutory proceeding for judicial review of the acts of municipal bodies relating to assessments. Such proceedings are not "civil cases" within the meaning of §20, Art. 1, of our constitution.

The constitution refers only to those cases which were civil actions at common law. *Wright* v. *Fultz* (1894), 138 Ind. 594, 38 N. E. 175; *Allen* v. *Anderson* (1877), 57 Ind. 388, and it has been held by this court that proceeding in circuit or superior courts to review special assessments or the like are not within this constitutional prohibition. *Anderson* v. *Caldwell* (1883), 91 Ind. 451; *Laverty* v. *State, ex rel.* (1886), 109 Ind. 217, 9 N. E. 774; *Campbell* v. *State* (1908), 171 Ind. 702, 87 N. E. 212, and cases therein cited.

Appellant does not discuss in his brief the other assigned errors, and therefore waives the same. Judgment affirmed.