ATHERTON v. STATE OF INDIANA.

[No. 29,660. Filed January 14, 1959. Rehearing denied February 19, 1959.]

*Bob Good,* of Shelbyville, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was charged with the crime of robbery. The affidavit charged that appellant ". . . did . . . forcibly by violence and putting . . . in fear, . . ." take certain money from one Frank Rice. The jury found the appellant guilty of the included offense of assault and battery with intent to commit robbery.

The error assigned is the overruling of appellant's motion for a new trial. The motion listed the following four reasons as grounds for a new trial:

"(1) Error of law occurring at the trial in the overruling at the conclusion of the State's evidence of the defendant's motion for a directed verdict of acquittal.

"(2) Error of law occurring at the trial at the conclusion of all of the evidence in the Court's overruling the motion of the defendant for a directed (verdict) of acquittal.

"(3) That the verdict of the jury is contrary to law.

"(4) That the verdict of the jury is not sustained by sufficient evidence."

Appellant's argument in support of grounds "(1)" and "(2)" of the motion for new trial is based upon the

fact that appellant did not actually *take* any money from the intended victim. This argument is without merit. The appellant was not found guilty of robbery. He was found guilty only of the lesser included offense of assault and battery with intent to commit a felony, to-wit: robbery. Therefore, the question of whether any money was actually taken is of no importance.

Secondly, appellant argues that "The verdict of the jury is contrary to law and not sustained by sufficient evidence." The evidence in part, in support of the verdict, is as follows:

"... He ... stuck me with the point of his knife. He said, '... give me your money or I'll cut your ... guts out.' Well, I was scared to death. I didn't know what to do and while he was talking that way I reached in my pocket and pulled out my coin purse ... I ... opened it up and I ... poured it in his hand. I imagine there was $2.00 in change in it. ... Well, he said, 'Now give me your billfold. ... I'll cut your ... guts out if you don't give me your billfold ....'"

The above evidence was ample to support the verdict.

Appellant also here argues as a third ground for new trial that the trial court committed "Error in the admission of testimony tending to prove a criminal record on the part of the defendant, and error in the admission of testimony concerning an offense other than the one charged." However, upon this issue we are confronted by the fact that appellant did not present any question regarding the admission of evidence in his motion for new trial. Therefore no question upon this issue was reserved for consideration on review.

"... In order to present upon appeal the question of the introduction of incompetent evidence at the trial, the alleged error of the trial court in exclud-

ing or admitting the evidence must be presented to the trial court by motion for new trial (under §9-1903, Burns' 1956 Repl., cl. 7 [Acts 1905, ch. 169, §282, p. 584])." *Poehler* v. *State* (1924), 194 Ind. 207, 208, 142 N. E. 410.

Judgment is therefore affirmed.

Landis, C. J., Arterburn, Bobbitt, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 154 N. E. 2d 887.