CITY OF INDIANAPOLIS v. SCHMID ET AL.

[No. 31,152. Filed September 16, 1968.]

*Harold H. Kohlmeyer, Jr.*, Corporation counsel, *Gary R. Landau*, City Attorney and *David A. Steckbeck*, Attorney for Board of Flood Control, all for appellant.

*Willis A. Kunz* and *William A. Waddick*, of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from a condemnation award made by the Board of Flood Control Commissioners of the

Flood Control District of Indianapolis for land for the development of Eagle Creek Reservoir. This Board is a departmental unit of the City of Indianapolis by virtue of Ind. Anno. Stat. § 48-4727, *et seq.* The Board commenced eminent domain proceedings by the adoption of a resolution and thereafter adopted a damage roll awarding damages to appellees for the fee simple and flowage easement taken on parcels 38 and 39A in conjunction with the Eagle Creek Dam and Reservoir project. The Board did not assess any benefits. Appellees appealed the award of damages to the Marion County Circuit Court under the authority of Ind. Anno. Stat. § 48-2112 and § 48-4501, *et seq.* From the trial court's judgment appellant appealed to this Court.

This Court has jurisdiction of this appeal by virtue of Ind. Stat. Anno. § 4-214 (1946 Repl.) since this is an eminent domain proceeding for the appropriation of lands for public use.

On the 8th of February, 1967, the trial court without intervention of a jury, after a trial de novo on the issue of damages, entered judgment awarding damages in the sum of $19,840 on Parcel 38 to the appellees Jacob C. Schmid and Mary C. Schmid together with 6% interest on said sum from January 14, 1966, until paid, and damages on Parcel 39A to the appellee Jacob C. Schmid in the sum of $9,200 together with interest on said sum from January 14, 1966, until paid. The appellant filed a petition for a rehearing on February 3, 1967, which was overruled on March 15, 1967. On March 10, 1967, appellant filed a motion for a new trial which motion was overruled on March 23, 1967.

The appellant here contends that the award of damages made by the trial court was excessive, and that it was denied its constitutional right to a jury trial.

The proceedings to condemn real estate under the Eminent Domain Act for First Class Cities, Ind. Anno. Stat. § 48-2101

*et seq.* are statutory proceedings before a statutory board and must be strictly followed. *Elliot* v. *City of Indianapolis* (1959), 237 Ind. 287, 142 N. E. 2d 911; *Hamilton* v. *City of Indianapolis* (1946), 116 Ind. App. 342, 64 N. E. 2d 303.

Statutes of eminent domain are in derogation of common law rights of property and must be strictly followed, both as to the extent of the power and as to the manner of its exercise. *Cemetery Co.* v. *Warren School Tp. of Marion County* (1957), 236 Ind. 171, 139 N. E. 2d 538. In *City of Richmond* v. *Test* (1897), 18 Ind. App. 482, 48 N. E. 610, the court stated:

"Unless a statute confers such power upon a city the power does not exist. Such a grant of power, when made, can be exercised only in the manner and to the extent conferred by the act."

Appellant elected to institute its eminent domain action under the Eminent Domain Act for First Class Cities, Ind. Anno. Stat. § 48-2101, *et seq.* One provision of that act, being Ind. Anno. Stat. § 48-2112, relating to appeals to the Circuit or Superior Court, provides:

"The procedure thereon shall be governed as provided by the statute now or hereafter in effect relating to general appeals from the final decisions of boards of public works."

The statute relating to appeals from boards of public works, as well as other municipal bodies and agencies is Ind. Anno. Stat. § 48-4501, *et seq.* In that act, § 48-4506 provides, in part, as follows:

"A petition for rehearing may be filed by any party within fifteen (15) days after the decision, order and judgment of the (trial) court, and pending such time and until such petition so filed shall be ruled upon, the order and judgment of the court shall not be certified to the board or common council. At the time of ruling upon any such petition, the court may grant time for filing an appeal bond and special bill of exceptions embracing so much of the record as may

be necessary to present fully any questions of jurisdiction of the court over the subject-matter or the parties, upon which questions alone an appeal from the order and judgment of such court may be taken."

In passing, we are compelled to note that under *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, the clause in § 48-4506 which purports to limit the scope of the Court's appellate jurisdiction in these cases to a determination of the trial court's jurisdiction of the subject matter or the parties is clearly unconstitutional.

As this court said, in the *Warren* case:

". . . (I)t was the positive intention of the framers of our Constitution that the laws of this state should be general and uniform so far as it is possible to make them so. Such uniformity cannot be attained or preserved if the courts that interpret and apply the laws are not required to take their controlling precedents from some common source. If other courts than this court are to be permitted to construe statutes and state rules of substantive law, without recourse being provided for review by this court, the result will be as destructive to uniformity as if the Legislature was permitted to enact local and special laws for every county in the state.

. . .

"It follows from what has been said that this appellant may not be denied his right to present his case to this court for review because the Legislature has not provided a means for bringing it here." 217 Ind. 110 and 114.

Notwithstanding the unconstitutional flaw in § 48-4506, *supra*, which attempts to limit the appellate jurisdiction of this Court, the remainder of the statute need not be affected thereby in so far as it provides for the taking of an appeal to this court after filing the petition for rehearing.

The Indiana code of civil procedure applies in this eminent domain case only if it is not inconsistent with the specific

provisions of the governing eminent domain statutes. ■ *Joint County Park Board, etc.* v. *Stegemoller* (1949), 228 Ind. 103, 88 N. E. 2d 686.

Under the eminent domain statute here involved, and under Ind. Anno. Stat. § 48-4506, *supra,* which is incorporated therein, a petition for rehearing takes the place of a ■ motion for new trial. Thus, in this appeal, we are free to consider only those errors raised by the petition for rehearing which appellant filed in the court below. That petition, in pertinent part, reads as follows:

"Comes now City of Indianapolis, defendant, and respectfully requests a re-hearing on the decision, order and judgment of the Court of this cause for the following reasons:

1. The award of damages for Jacob C. Schmid in the amount of $9,200.00 was excessive.

2. The award of damages for Jacob C. Schmid and Mary C. Schmid in the amount of $19,840.00 was excessive.

3. The award for damages resulting from the taking of the flowage easement due Jacob C. Schmid was excessive.

4. The award for damages resulting from the taking of the flowage easement due Jacob C. Schmid and Mary C. Schmid was excessive.

5. The Court erred in its finding and award of damages that the taking of the flowage easement constitutes a complete taking of the fee.

WHEREFORE, defendant City of Indianapolis requests a re-hearing of the decision, order and judgment of the Court."

By this petition for rehearing the City of Indianapolis challenges the sufficiency of the evidence underlying the award of damages made by the trial court.

In an appeal from an award of damages in an eminent domain proceeding, this court will affirm the award of damages when the amount awarded is within the bounds ■ of the probative evidence adduced at trial. *Public Service Company of Indiana* v. *Levenstein Bros. Realty Co.*

(1965), 246 Ind. 520, 207 N. E. 2d 202; *State* v. *Monninger* (1962), 243 Ind. 174, 182 N. E. 2d 426; *Atherton* v. *State* (1959), 239 Ind. 245, 154 N. E. 2d 887.

There is ample evidence in the testimony of appellee's expert, Mr. William MacConnell, to support the award of the trial court in all respects. He testified that the appellee's total damages as a result of the taking in this case amounted to $31,589.00 in connection with parcel 38 and $12,940 in connection with parcel 39A. Therefore, appellant's claim of insufficient evidence is without merit.

Appellant claims that it was denied its constitutional right to jury trial. The statute relating to appeals from boards of public works and other municipal boards, Ind. Anno. Stat. § 48-4501, *et seq.*, is again applicable. Section 48-4504 provides:

"All such appeals shall be tried by the court without the intervention of a jury."

This same provision was long ago held to be constitutional when it was included in a former version of the law. *City of Crown Point* v. *Newcomer* (1933), 204 Ind. 589, 185 N. E. 440.

Since Ind. Anno. Stat. § 48-4504 is a re-enactment of a statute which has previously been judicially construed, such re-enactment is deemed to be a legislative adoption of such construction. *Department of Treasury* v. *City of Linton* (1945), 223 Ind. 363, 60 N. E. 2d 948, 950; *Huntington* v. *Hamilton* (1957), 118 Ind. App. 88, 73 N. E. 2d 352, 357.

Article I, § 20 of the Constitution of Indiana has been held to guarantee the right to trial by jury *only* in those actions which were triable by jury at common law. *Dean* v. *State* (1954), 233 Ind. 25, 116 N. E. 2d 503; *State* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. 2d 168; *Warren* v. *Indiana Telephone Co., supra.*

Ind. Stat. Anno. § 2-1204 (Repl. 1968) provides:

"Issues of law and issues of fact in causes that prior to the eighteenth day of June, 1852, were of exclusive equitable jurisdiction shall be tried by the court; issues of fact in all other causes shall be triable as the same are now triable. In case of the joinder of causes of action or defenses which, prior to said date, were of exclusive equitable jurisdiction with causes of action or defenses which, prior to said date, were designated as actions at law and triable by jury—the former shall be triable by the court, and the latter by a jury, unless waived; the trial of both may be at the same time or at different times, as the court may direct: Provided, That in all cases triable by the court as above directed, the court, in its discretion, for its information, may cause any question of fact to be tried by a jury, or the court may refer any such cause to a master commissioner for hearing and report."

Ind. Anno. Stat. § 48-4506 (1963) which relates to appeals from municipal boards and bodies, and part of which was discussed above, reads as follows in its concluding sentence:

"The provisions of the Civil Code shall govern in all matters of procedure not otherwise provided for by this act; but the appeal from such board or common council and the proceedings thereon shall not constitute a civil action as defined by the Civil Code."

Furthermore, this Court has consistently held that proceedings to condemn property by the exercise of eminent domain, strictly, are not civil actions but are actions of a special character based wholly upon the statute by which they are authorized. *Indianapolis Water Co.* v. *Lux* (1946), 224 Ind. 125, 64 N. E. 2d 790; *City of Lebanon* v. *Public Service Co. of Indiana* (1938), 214 Ind. 295, 14 N. E. 2d 719; *Toledo & I. Traction Co.* v. *Indiana & C. Interurban Ry. Co.* (1908), 171 Ind. 213, 86 N. E. 54.

The Board of Flood Control Commissioners of the City of Indianapolis, being a department of the city, functions as a

creature of the Legislature. *Perry Tp., Marion County v. Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 64 N. E. 2d 296. As such, the Board of Flood Control Commissioners of the City of Indianapolis, Indiana, has no vested rights which cannot be taken away by the Legislature, and is not protected by the reservation of rights under Article I, Section 20 of the Constitution of Indiana.

We hold that the provision precluding trial by jury in appeals from the Board of Flood Control as *against a municipal corporation demand for trial by jury* is constitutional.

For all the foregoing reasons the judgment of the Marion County Circuit Court should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn and Jackson, JJ. concur. Mote, J. not participating.

NOTE.—Reported in 240 N. E. 2d 66.