STATE OF INDIANA EX REL., HOWARD L. MOORE *v.* JOHN R. SMOCK, CHAIRMAN; ARTHUR R. ROBINSON, VICE CHAIRMAN; EDWARD V. KNARTZER, COMMISSIONER, AND DALE C. STONE, COMMISSIONER OF THE INDIANA ALCOHOLIC BEVERAGE COMMISSION; INDIANA ALCOHOLIC BEVERAGE COMMISSION, INDIANA LICENSED BEVERAGE ASSOCIATION, INC.; INDIANA LIQUOR STORES ASSOCIATION, INC.; AND INDIANA WHOLESALE LIQUOR DEALERS ASSOCIATION.

[No. 2-572A7. May 7, 1973.]

*Walter E. Bravard, Jr., T. H. St. Clair, Lewis, Bowman & St. Clair,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond, David H. Kreider,* Deputies Attorney General, *Joseph F. Quill, John G. McNutt,* of Indianapolis, *Fred Schlegel, J. B. King, Baker & Daniels,* of Indianapolis, *Curtis V. Kimmell, Kimmell & Funk,* of Vincennes, for appellees.

SULLIVAN, J.—This appeal concerns whether pre-mixed canned cocktail preparations containing spirituous alcoholic beverages should, for the purposes of marketing and sale, be classified as spirituous alcoholic beverage, "liquor" as opposed to a vinous beverage, "wine".

The facts are undisputed. Plaintiff-appellant Howard L. Moore (Moore) is a broker for manufacturers of alcoholic vinous and alcoholic spirituous beverages. On April 20, 1970, Moore presented to the Indiana Alcoholic Beverage Commission (ABC) price postings for certain alcoholic beverages, which Moore designated as being "wine". The products which these filings covered were pre-mixed cocktails, consisting of approximately 12½% absolute alcohol which was produced by distillation, mixed with carbonated water and/or with other sanitary and potable ingredients by the manufacturer and/or bottler and sold in containers filled by this manufacturer or bottler and suitable for immediate consumption direct from the original container. The ABC rejected these filings on July 24, 1970.

Moore filed the complaint below on December 3, 1970. It consisted of three paragraphs: First, a petition for review of the action of the ABC; second, a complaint for injunction to enjoin the ABC from rejecting Moore's price filings; and third, a complaint for a declaratory judgment that the premixed cocktails were vinous beverages, as defined by the Alcoholic Beverages Act of 1935 as amended. Various associations sought and were granted intervention as parties de-

fendant, and the case was submitted to the Marion Superior Court, Room No. 3, for a determination upon stipulated facts.

The court entered its judgment on November 24, 1971, finding, inter alia, that the pre-mixed cocktails should be taxed at the excise tax rate applicable to alcoholic vinous beverages, but that, for the purposes of licensing for sale, the beverages were alcoholic spirituous beverages. Moore assigns as error the court's finding that only a person holding a permit to sell alcoholic spirituous beverages may sell pre-mixed cocktails.

Thus, the only issue before us on appeal is whether the ABC and the trial court were correct in classifying pre-mixed cocktails containing 12½% absolute distilled alcohol as alcoholic spirituous beverages.

It seems that confusion has arisen because Indiana law relating to intoxicating liquors formulates two distinct systems of classification of alcoholic beverages. For the purposes of general regulation and licensing, the following definitions are pertinent:

> "(o) 'Alcoholic spirituous beverages' shall be construed to mean any beverage containing alcohol obtained by distillation mixed with drinkable water and other substances in solution and including among other things, brandy, rum, whisky, and gin, but not including wines containing less than twenty-one (21) percent of alcohol reckoned by volume: And, provided further, That it does not include industrial alcohol.
>
> (p) The words 'wine' or 'alcoholic vinous beverages,' or 'vinous beverages' whenever used in this act, shall be construed to mean any alcoholic beverages obtained by the fermentation of the natural sugar contents of fruits or other agricultural products containing sugar, including necessary additions to correct defects due to climatic, saccharine and seasonal conditions, and also, the fortification thereof, but in no case shall said beverages therein defined, having alcoholic content, contain more than twenty-one (21) percent of absolute alcohol reckoned by volume." (IC 1971, 7-1-1-3, Ind. Ann. Stat., § 12-303 (Burns 1956 Repl.))

IC 1971, 7-1-1-20 and 25, Ind. Ann. Stat., §§ 12-518 and 12-523 (Burns 1956 Repl.) authorize the issuance of alcoholic

spirituous beverage (liquor) dealer's permits and alcoholic vinous beverage (wine) dealer's permits. No dealer may sell these types of alcoholic beverages except as so authorized. IC 1971, 7-1-1-2, Ind. Ann. Stat., § 12-302 (Burns 1956 Repl.)

It is important to note that the validity of this classification scheme is not in question before us. Moore accepts the legislative distinction between classes of alcoholic beverages, and only questions the assignment of pre-mixed cocktails within the classification scheme.

The distinction is clear—all beverages containing alcohol obtained by distillation are "spirituous beverages"; all beverages obtained by fermentation of fruit are classified as wines, with the exception that certain potent wines are also classified as spirituous beverages. Percentage of alcoholic content is only a criterion for determining which wines will be denominated spirituous beverages; a "percentage standard" cannot be assigned as the true distinction between spirituous and vinous beverages—the actual distinction is clearly based on the manner of production of the alcohol. The distinction is a venerable one, recognized throughout the span of Indiana's statehood. The Supreme Court in 1839 held:

> "Spirit is the name of an inflammable liquor produced by distillation. Wine is the fermented juice of the grape, or a preparation of other vegetables by fermentation." (*State* v. *Moore* (1839), 5 Blackford 118.)

And in 1969 Op. Att'y. Gen. 79, 81, it was stated:

> " 'Wine' and 'Spirituous Beverages' are defined by statute in terms of the manufacturing processes involved and not in terms of alcoholic content. . . . If the predominent alcoholic beverage contained in a given 'prepared cocktail' is . . . obtained by the process of distillation, which would include, among other things, brandy, rum, whiskey and gin, such beverage is appropriately classified as an alcoholic spirituous beverage."

However, Moore claims that the following paragraph, from the distinct classification system used in determining the

nature of the beverages for excise tax purposes, somehow changes the fundamental rule:

> "The alcoholic vinous beverages referred to *in this paragraph* shall include only alcoholic vinous beverages containing twenty-one percentum (21%) or less of absolute alcohol (reckoned by volume and not by weight); but beverages not containing more than fifteen percentum (15%) of absolute alcohol reckoned by volume, mixed with carbonated water and/or other sanitary and potable ingredients by the manufacturer and/or bottler thereof and sold in container filled by such manufacturer or bottler, and which are suitable for immediate consumption direct from the original container, shall likewise, be subject to the rate of tax imposed in this subsection (c) on alcoholic vinous beverages." IC 1971, 7-1-1-41, Ind. Ann. Stat., § 12-803 (Burns 1956 Repl.) (Emphasis supplied)

Moore asserts that the above paragraph removes pre-mixed cocktails from the ambit of spirituous beverages. He is mistaken for three reasons. First, the phrase specifically limits its application to the paragraph from which it is taken relating to alcoholic beverage excise taxes. Second, pre-mixed cocktails are not thereby classified *as vinous* beverages; they are merely grouped *with vinous* beverages and subjected to the same tax. Third, this paragraph may not be used as *in pari materia* in aiding the interpretation of the general statutory classification set out in IC 1971, 7-1-1-3, *supra*. To be *in pari materia,* a statute must have the same purpose or object as the statute being interpreted. The "purpose" of the taxation statute is just that—taxation. A revenue statute clearly has different purposes and objects than a regulatory licensing statute.

There is, additionally, a final confirmation of our interpretation of the regulatory classification scheme. The 98th Session of the Indiana General Assembly recently recodified the alcoholic beverage provisions of the Indiana Code and has passed such recodification as House Enrolled Act No. 1069.[1] The recodification adopts almost

---

1. House Enrolled Act No. 1069 passed the Senate on January 31, 1973 and was signed by the Governor on February 13, 1973. As it contained an emergency clause, the Act is now in full force and effect.

verbatim the definitions for "alcoholic spirituous beverages" ("liquor" in the recodification) and "wine". It is a basic rule of statutory construction that the re-enactment of a statute which has been judicially construed is deemed to be an adoption by the legislature of the construction which has been placed upon the statute. *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N.E.2d 66. Thus, the legislature's passage of the recodification must be considered to be approval of the longstanding interpretation that, for regulatory and licensing purposes, the distinction between liquor and wine is premised upon means of manufacture and not on percentage of alcohol therein.

The trial court was correct in determining that pre-mixed cocktails were, for the purpose of marketing and sale, alcoholic spirituous beverages.

The judgment of the trial court is affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 295 N.2d 857.