## STIEGELMEYER v. STIEGELMEYER ET AL.

[No. 7,089.   Filed March 26, 1912.]

1. APPEAL. — *Weighing Evidence.* — *Statute.—Construction.*—§698 Burns, Acts 1903 p. 341, does not require the court on appeal to weigh the evidence where it is conflicting, but only applies where the evidence is so conclusive as to enable the court to say as a matter of law that the result is erroneous.

From Superior Court of Marion County (74,277); *Lawson M. Harvey*, Judge.

Action by John R. Stiegelmeyer against John Edward Stiegelmeyer, Automatic Train Control Company, William E. Hayward, Orion W. Beckwith, Charles H. Peirce, Carey L. Smith, Fred L. Schaub, Charles E. Anderegg and Indiana Trust Company. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Merrill Moores, Morton S. Hawkins, James P. Boyle, Walter Myers, John Ogden,* for appellant.

*J. Collier, Kealing & Hugg, Morris M. Townley, Carey L. Smith, John B. Sherwood, Ayres, Jones & Hollett, Charles A. Dryer,* for appellees.

ADAMS, J.—This action was brought by appellant against appellees to enforce the specific performance of a parol contract. The only error assigned is that the trial court erred in overruling appellant's motion for a new trial, in that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The single question of fact in this case relates to whether there was a valid and enforceable contract between the parties. Appellant admits that the testimony is conflicting, but asks this court to consider and weigh the evidence, and to render judgment, as may seem right and proper, on the whole case, as provided by §8 of the act approved March 9, 1903 (Acts 1903 p. 338, §698 Burns 1908).

By the assignment of error this court is not required to consider and weigh the evidence, as provided in §8, but even if a proper request was made in conformity with the statute, under the construction placed on the act by the Supreme Court and this court, such request would be of no avail.

1.

In the case of *Parkison* v. *Thompson* (1905), 164 Ind. 609, the provisions of §8 of said act were held not to be mandatory, and that the legislature did not by this act contemplate a trial *de novo,* which would require the court on appeal to exercise both original and appellate jurisdiction in the same cause.

In the case of *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, it was held that the provisions of said section apply only where the evidence on the controlling issue is documentary, by deposition or of such a clear and conclusive character as to enable the court on appeal to say as a matter of law that the decision is erroneous. *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30.

On the controlling question in this case, the testimony given at the trial was wholly oral and sharply conflicting. In rendering judgment, and in passing on the motion for a new trial, the court below was in a peculiarly favorable situation to weigh the evidence and to determine the credibility of the witnesses. It not only heard the evidence, but saw the witnesses, and was in a position to note their intelligence, fairness and candor while testifying. Were we to attempt to weigh the evidence, we would have to do so unaided by the important personal element, and would be more likely to err in our conclusion than the trial court.

The record before us does not disclose a case which warrants a departure from the established rule, that this court will not weigh the evidence, and where there is some evidence supporting the judgment, it will not be disturbed on appeal.

Judgment affirmed.