THE PEOPLE *ex rel.* G. Frank Lydston, Appellee, *vs.* MACLAY HOYNE, State's Attorney, Appellant.

*Opinion filed February 21, 1914.*

1. COURTS—*only appellate jurisdiction can be conferred upon the Appellate Courts of this State.* Under section 11 of article 6 of the constitution, which provides for the organization of Appellate Courts, the only jurisdiction which can be conferred upon such courts is appellate jurisdiction.

2. SAME—*section 11 of Appellate Court act, concerning power to issue writ of mandamus, construed.* Section 11 of the Appellate Court act, which confers jurisdiction upon the Appellate Courts to issue writs of *mandamus, certiorari, supersedeas,* etc., does not confer original jurisdiction to issue such writs, but means only that where the Appellate Court has acquired jurisdiction of a case it may issue such writs when they become necessary in furtherance of the appellate jurisdiction.

3. SAME—*when the Appellate Court cannot award writ of mandamus.* Upon appeal to the Appellate Court from a judgment sus-

taining a demurrer to a petition for writ of *mandamus* the Appellate Court may, if it deems the judgment erroneous, reverse the same and remand the cause, but it has no jurisdiction to enter a judgment overruling the demurrer and awarding the writ, as this is an exercise of original jurisdiction.

4. SAME—*jurisdiction of subject matter cannot be conferred by consent of parties.* If the Appellate Court has no jurisdiction to enter a particular judgment, the judgment must be reversed notwithstanding the parties make no objection to the jurisdiction of the court to enter such judgment, as jurisdiction of the subject matter cannot be conferred by the consent of the parties.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

FREDERICK Z. MARX, for appellant.

STEDMAN & SOELKE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This case comes to this court by a certificate of importance granted by the Appellate Court for the First District. A petition for *mandamus* on the relation of G. Frank Lydston was filed in the circuit court of Cook county. The purpose of the *mandamus* proceeding was to compel the State's attorney of said county to sign a petition for leave to file an information in the nature of *quo warranto,* which said petition alleged that certain persons therein named were unlawfully elected and acting as trustees for the American Medical Association, an Illinois corporation not for profit. A general demurrer to the petition for *mandamus* was sustained by the circuit court, whereupon the relator elected to abide by his petition, and final judgment being entered against him, he prosecuted an appeal to the Appellate Court. The Appellate Court reversed the judg-

ment of the circuit court and remanded the cause. After
the rendition of said judgment reversing and remanding
the cause, the Appellate Court, by stipulation of the par-
ties, set aside its judgment and overruled the demurrer and
entered a final judgment awarding a peremptory writ of
*mandamus* commanding the State's attorney of Cook county
to sign said information in the nature of a *quo warranto* in
accordance with the prayer of the petition for *mandamus.*
The final judgment of the Appellate Court overruling the
demurrer and awarding a writ of *mandamus* is the judg-
ment brought into review by this appeal.

The first question that presents itself is as to the juris-
diction of the Appellate Court to enter a judgment overrul-
ing the demurrer and awarding a peremptory writ of *man-
damus.* This question has not been argued in the briefs.
Manifestly, all of the parties were anxious to avoid the de-
lay that would necessarily be incident to a remandment of
the cause to the trial court, and, in so far as they had the
power to do so, they have apparently waived all objections
and consented to the character of the order entered by the
Appellate Court, but if the Appellate Court had no jurisdic-
tion of the subject matter under the law the consent of par-
ties could not confer that jurisdiction upon it. Section 11
of article 6 of the constitution provides as follows: "After
the year of our Lord 1874, inferior Appellate Courts, of
uniform organization and jurisdiction, may be created in
districts formed for that purpose, to which such appeals
and writs of error as the General Assembly may provide
may be prosecuted from circuit and other courts, and from
which appeals and writs of error shall lie to the Supreme
Court, in all criminal cases, and cases in which a franchise
or freehold or the validity of a statute is involved, and in
such other cases as may be provided by law. Such Appel-
late Courts shall be held by such number of judges of the
circuit courts, and at such times and places, and in such
manner, as may be provided by law; but no judge shall sit

in review upon cases decided by him, nor shall said judges receive any additional compensation for such services."

The only jurisdiction that can be conferred, under this section of the constitution, upon the Appellate Courts is an appellate jurisdiction, and the legislature could not, if it attempted to do so, confer original jurisdiction on those courts. (*Hawes* v. *People,* 124 Ill. 560.) Section 11 of the Appellate Court act, as amended in 1881, confers jurisdiction upon the Appellate Courts to issue writs of *mandamus, certiorari, supersedeas,* and all other writs not prohibited by law which may be necessary to enforce the due administration of justice in all matters within the jurisdiction of said courts. This statute was construed by this court in *Hawes* v. *People, supra,* and it was held the statute only authorized the issuance of such writs when they were necessary in furtherance of the appellate jurisdiction. When the Appellate Court has acquired appellate jurisdiction of a cause, then such court may issue such supplemental writs as may become necessary in order to enable the court to exercise the jurisdiction conferred upon it by law. But this statute is nothing more than a legislative declaration that the granting of a power carries with it, by implication, all such additional powers as are necessary to the complete exercise of the power which is expressly given. This statute does not confer original jurisdiction upon the Appellate Courts, and it could not be sustained as a valid constitutional law if it did. This court, in the case of *People* v. *Circuit Court of Cook County,* 169 Ill. 201, held that the Appellate Courts could exercise appellate jurisdiction only, and that such courts could not issue original writs of prohibition, and the doctrine of *Hawes* v. *People* was reaffirmed. Overruling a demurrer and awarding a writ of *mandamus* is the exercise of original and not appellate jurisdiction. The Appellate Court's jurisdiction being purely appellate, it had no power, under the law, to overrule the demurrer and award a *mandamus.* The proper judgment

was entered in the first instance, and in vacating that judgment and entering the judgment here under review the Appellate Court erred, for which its judgment must be reversed and the cause remanded to that court, with directions to enter a judgment reversing and remanding the cause to the circuit court of Cook county.

*Reversed and remanded, with directions.*