BEAUTYGARD MANUFACTURING COMPANY *v.* GEESLIN;
STATE BOARD OF TAX COMMISSIONERS, ET AL.

[Nos. 1069A174, 1269A235, 1069A196, 1169A209, 1069A195,
1169A205, 1169A206, 1069A175, 1269A232. Filed January 27, 1971.
Rehearing denied March 9, 1971.]

341

*Harold C. Wagner, Wagner & Malo,* of Hammond, for
Beautygard Manufacturing Co.; *James W. Chester, Charles T.
Clifford, Chester, Clifford, Hoeppner & Houran,* of Valparaiso,
*Lester Irons,. William P. Wooden, Douglas F. Burns, Barnes,
Hickam, Pantzer & Boyd,* of Indianapolis, for Bethlehem Steel
Corp.; *James E. Schreiner, Travis & Tinkham,* of Hammond,
for Jack Gray Transport, Inc.; *Joseph L. Skozen, Phillip E.
Bainbridge, Skozen, Stodola & Bainbridge,* of Hammond, for
Huniston-Keeling & Co.; *G. Edward McHie, Kenneth D. Reed,
Crumpacker & Abrahamson,* of Hammond, for Inlander Stein-
dler Paper Co.; *Marvin E. Silverman, Ottenbeiner & Silver-*

*man,* of East Chicago, for Lanman Bolt & Forge Co.; *David Cohen,* of East Chicago, for Marcus Auto Lease Corp.; *Donald L. Gray, Sullivan & Gray,* of Whiting, *Kenneth D. Reed, Crumpacker & Abrahamson,* of Hammond, for Queen Anne Candy Co.; *William W. Fullagar, Hackbert, Rooks, Pitts, Fullagar & Poust,* of Chicago, Illinois, *John R. Sorbello, Carroll, Bielefeld & Barber,* of Crown Point, *Edward B. Raub, Jr., White, Raub, Reis & Wick,* of Indianapolis, for United States Steel Corp.

*Theodore L. Sendak,* Attorney General, *Richard C. Johnson,* Chief Deputy Attorney General, *Wendell C. Hamacher, Joseph S. Van Bokkelen,* Deputies Attorney General, for defendants.

## ORIGINAL ACTIONS

HOFFMAN, C.J.—The above causes were removed to this court pursuant to Acts 1969, ch. 204, § 5, p. 768, Ind. Stat. Anno., § 64-1004a, Burns' 1970 Cum. Supp. In each a motion to remand was filed.

These causes are now consolidated for the sole purpose of ruling upon the motions to remand.

Pursuant to order of this court dated February 19, 1970, the parties hereto were required to file motions, petitions, briefs or memoranda concerning the following:

(a) Jurisdiction of the Appellate Court over the subject-matter of these causes and over the particular actions;

(b) The constitutionality of § 64-1004a, *supra,* particularly as to the validity of the provision giving 1) original jurisdiction to the Appellate Court to hear and determine such appeal; and 2) providing for the trial of the cause without the intervention of a jury.

As an aid to clarity it is deemed necessary to set forth the statutory provisions which serve to form the issues for decision.

Acts 1963, ch. 231, § 1, p. 317, Ind. Stat. Anno., § 64-1004, Burns' 1970 Cum. Supp., reads as follows:

"Appeals to circuit or superior court.—Any person shall have the right to appeal from the final determination of the

state board of tax commissioners regarding the assessment on his property to the circuit or superior court of the county in which said property is being assessed. Appeals may be consolidated, at the request of the appellants, in order to save the expenses thereof, when it can be done in the interest of justice. At any time within thirty [30] days after the board gives notice of its determination, an appeal may be taken by filing a written notice with the board asking for such appeal and designating the court to which such appeal is being taken, together with the filing of a complaint in said court, a copy of which shall be served upon the attorney general as provided by the Acts of 1945, chapter 3, section 1 [§ 49-1937], as amended; no such appeal shall be deemed to have been commenced unless the service of such complaint upon the attorney general, as therein provided, is made within thirty [30] days after the board gives notice of its determination as provided herein. Upon such appeal being requested, the secretary of the board shall make out and certify to a complete transcript of the proceedings, not including the evidence, had with respect to the property of the person so appealing, and transmit the same to the clerk of the designated court. Such appeal shall be tried by the court without the intervention of a jury; and the trial shall be governed by the laws governing civil actions. All appeals under this section shall be advanced on the docket of the court and shall be entitled to precedence in the consideration of the court. Whenever a final determination by the state board of tax commissioners regarding the assessment of any real or tangible personal property which is taxable under this act, or any prior or other act, shall have been vacated, set aside or adjudged null and void pursuant to the finding, decision or judgment of any court of competent jurisdiction, the matter of the assessment of such property shall, in all instances, be remanded to the state board of tax commissioners for reassessment and further proceedings in accordance with law. The owner of any such property shall have the right to appeal from such final determination of the state board of tax commissioners regarding the reassessment of his property to the circuit or superior courts of the county in which said property is situated as hereinabove provided."

Section 64-1004a, *supra,* reads as follows:

"Removal of appeal to Appellate Court.—In any appeal to the circuit or superior court pursuant to section 1004 [1204] [§ 64-1004], in which the state board of tax com-

missioners has determined that the taxpayer's property has a total assessed value of at least $3,000 more than the total assessed value shown on the taxpayer's returns, either the taxpayer or the state board of tax commissioners may, within ten [10] days after the attorney-general has received the complaint as provided in section 1004 [1204] [§ 64-1004], file with the clerk of the Appellate Court of Indiana, a petition for removal of the appeal to such court. The party so petitioning shall serve notice of such removal by first class mail on all parties to such appeal, or their attorneys of record, and the court in which the appeal is docketed. The filing of such petition shall constitute a removal of said cause to the Appellate Court of Indiana, which shall have original jurisdiction to hear and determine such appeals as would the court from which the appeal is removed, without the intervention of a jury, and the laws and rules governing civil procedure in the trial of cases shall be applicable to such appeals. The court in which the appeal was first docketed shall forthwith forward to the Appellate Court of Indiana all transcripts, papers and documents in its possession pertaining to such appeal. The Appellate Court of Indiana shall adopt and promulgate rules for the exercise of the jurisdiction conferred upon it by this section. Such rules may provide for the appointing of a commissioner or for orders of reference to any judge of a court of inferior jurisdiction to facilitate the taking of evidence and the making of findings of fact and conclusions of law, which may be adopted or rejected as a part of the decision of the court. The Appellate Court is hereby authorized to issue all writs and orders necessary to effectuate its jurisdiction under this section. Nothing herein shall effect the withdrawing or limiting any of the present jurisdiction of the Supreme Court."

Section 64-1004a, *supra*, was added by the 1969 General Assembly and will hereinafter be referred to as the "1969 Removal Act."

Although the 1969 Removal Act contains no provision for remand of a cause from this court to the circuit or superior courts[1] we have entertained motions to remand for the pur-

---

1. Acts of 1965 (2nd Spec. Sess.), ch. 7, § 2, *et seq.;* Ind. Stat. Anno., § 3-2121, *et seq.*, Burns' 1968 Repl., (1965 Removal Act), relating to the mandating and prohibiting of public officials, does contain a provision for remand.

pose of contesting the jurisdiction of this court and constitutionality of the Act.

The points raised and argued by counsel in support of their respective motions to remand are not readily subject to catagorization as constituting an attack upon the jurisdiction of this court, or as an attack upon the constitutionality of the 1969 Removal Act. As § 64-1004a, *supra,* defines the jurisdiction of this court, to find the statute unconstitutional would be also to find that we have no jurisdiction.

However, for purposes of discussion, we have chosen to divide the propositions advanced by counsel into two groups:

I.  Those which do not involve a definite constitutional provision, but which serve to attack the jurisdiction of this court.

II. Those which maintain the 1969 Removal Act to be in direct contravention of a specific constitutional provision.

## I.  JURISDICTION OF THE APPELLATE COURT
## A.  JURISDICTION DEFINED BY GENERAL ASSEMBLY

It is maintained that the Appellate Court was originally established as a court of review[2] and cannot, or should not, function as a trial court with original jurisdiction.

The Appellate Court is, pursuant to the Constitution of Indiana,[3] a creature of the General Assembly and that body has the authority to define this court's jurisdiction. *Ulrich, etc.* v. *Beatty, etc., et al.,* 139 Ind. App. 174, 216 N. E. 2d 737, 217 N. E. 2d 858, 8 Ind. Dec. 348 (1966).

Our Supreme Court has stated that the Constitution of Indiana[4] grants exclusive jurisdiction to the Supreme Court as final arbiter in all appeals and such jurisdiction cannot be granted to any other court by the General Assembly. *Curless* v. *Watson,* 180 Ind. 86, 93, 102 N. E. 497 (1913).

---

2.  Acts 1891, ch. 37, § 1, p. 39, Ind. Stat. Anno., § 4-201, Burns' 1968 Repl.

3.  Constitution of Indiana, Article 7, § 1.

4.  Constitution of Indiana, Article 7, § 4.

However, it appears to be well-established that the General Assembly holds the unequivocal power to grant original jurisdiction to this court,[5] subject to a review of this court's decision by the Supreme Court of Indiana. That court, in the landmark decision of *Warren* v. *Indiana Telephone Co.*, 217 Ind. 93, at 106, 26 N. E. 2d 399, at 404 (1940), stated:

> "While the Appellate Court is primarily a court of appeals, it is a creature of the Legislature, and it was well within the power of the General Assembly to give it original jurisdiction to review the proceedings of the Industrial Board."

It is further contended that by virtue of Acts 1881, (Spec. Sess.), ch. 24, § 3, p. 102, Ind. Stat. Anno., § 4-303, Burns' 1968 Repl., the constitutional circuit courts were granted original exclusive jurisdiction in all actions of this nature, and the General Assembly should not divest a constitutional court of original exclusive jurisdiction which has attached and reinvest that jurisdiction in a court of its own creation.

The only authority cited in support of this contention is *Sprague* v. *Goodrich*, 376 Ill. 80, 32 N. E. 2d 897 (1941).[6] In *Sprague* the Supreme Court of Illinois held that a statute granting to the Appellate Court of Illinois the power to pass on a motion for a new trial, reverse and enter judgment, was unconstitutional.

The issue in *Sprague* which is being argued here is based upon *People* v. *Hoyne*, 262 Ill. 82, 104 N. E. 255 (1914), and is distinguishable from the issue raised in the instant cases. The Constitution of Illinois conferred appellate and *only appellate jurisdiction* on the Appellate Court of Illinois. The court in *People* v. *Hoyne, supra*, at 255 of 104 N. E. stated:

---

5. The Judicial Amendment (Art. 7, § 1, Constitution of Indiana) effective January 1, 1972, changes the status of this court from statutory to constitutional and the jurisdiction will be limited to the provisions contained therein.

6. See: *Franks v. North Shore Farms, Inc.*, 115 Ill. App. 2d 57, 253 N. E. 2d 45 (1969).

"The first question that presents itself is as to the jurisdiction of the Appellate Court to enter a judgment overruling the demurrer and awarding a peremptory writ of mandamus. This question has not been argued in the briefs. Manifestly, all of the parties were anxious to avoid the delay that would necessarily be incident to a remandment of the cause to the trial court, and, in so far as they had the power to do so, they have apparently waived all objections and consented to the character of the order entered by the Appellate Court, but if the Appellate Court had no jurisdiction of the subject-matter under the law the consent of parties could not confer that jurisdiction upon it. Section 11 of article 6 of the Constitution provides as follows: 'After the year of our Lord 1874, inferior Appellate Courts, of uniform organization and jurisdiction, may be created in districts formed for that purpose, to which such appeals and writs of error as the General Assembly may provide may be prosecuted from circuit and other courts, and from which appeals and writs of error shall lie to the Supreme Court, in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, and in such other cases as may be provided by law. Such Appellate Courts shall be held by such number of judges of the circuit courts, and at such times and places, and in such manner, as may be provided by law; but no judge shall sit in review upon cases decided by him, nor shall said judges receive any additional compensation for such services.'

"The only jurisdiction that can be conferred, under this section of the Constitution, upon the Appellate Courts is on appellate jurisdiction, and the Legislature could not, if it attempted to do so, confer original jurisdiction on those courts."

The Constitution of Indiana prior to the adoption of the Judicial Amendment effective January 1, 1972, has no provision for the creation of the Appellate Court other than Article 7, § 1, which is as follows:

"The judicial power of the State shall be vested in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish."

Thus, the General Assembly is not restricted from conferring original jurisdiction upon the Appellate Court of Indiana as was the Legislature of the State of Illnois.

Contrary to the contention of counsel, we feel it to be quite clear that the Constitution of Indiana[7] grants authority to the General Assembly to define the jurisdiction of the circuit courts. *State ex rel. Gannon* v. *Lake Circuit Court,* 223 Ind. 375, 61 N. E. 2d 168 (1945); *Board, etc.* v. *Albright,* 168 Ind. 564, 81 N. E. 578 (1907).

Although § 4-303, *supra,* has never been amended to reflect any changes in the jurisdiction of the circuit courts, the General Assembly has, on numerous occasions since 1881, divested the circuit courts of original exclusive jurisdiction over certain matters and reinvested that original jurisdiction, either exclusively or concurrently, in other courts of its own creation.[8]

We are aware of no reason why the General Assembly lacks the authority to provide for original jurisdiction in the Appellate Court under these circumstances. Our Supreme Court reached the same conclusion in *Warren* v. *Indiana Telephone Co., supra,* wherein at 106 of 217 Ind., at 404 of 26 N. E. 2d, it stated:

> "It would seem, therefore, that no objection can be found to the provision of the Compensation Act that vests jurisdiction for review of proceedings instituted before the Industrial Board in the Appellate Court, rather than in local courts or constitutional or statutory courts of general jurisdiction."

## B. RIGHT TO APPEAL

It is maintained that as the 1969 Removal Act makes the Appellate Court a trial court, it takes away the right to appeal from a final determination of this court.

The reasoning in support of this contention is that Rule AP. 4(A), Indiana Rules of Procedure, provides for an appeal from all final judgments of a trial court. Said rule further

---

7. Constitution of Indiana, Article 7, § 8.

8. Acts 1907, ch. 112, § 8, p. 170 (Lake Superior Court). Acts 1881 (Spec. Sess.), ch. 34, § 4, p. 111 (Criminal Courts). Acts 1947, ch. 354, § 1, p. 1427 (Juvenile Court).

provides that appeals shall be taken to the Supreme Court or Appellate Court as provided by statute. The statute referred to in Rule AP. 4(A), *supra*, is Acts 1963, ch. 279, § 1, p. 424, Ind. Stat. Anno., § 4-214, Burns' 1968 Repl. Section 4-214, *supra*, lists fifteen classes of cases appealable directly to the Supreme Court of Indiana. This apparently led counsel to the conclusion that since the cases at bar are not within one of the fifteen categories listed in § 4-214, *supra*, a final decision by this court as a trial court, would be appealable to this court as a court of review, a legally impermissible situation.[9] *Parkison* v. *Thompson*, 164 Ind. 609, 73 N. E. 109 (1905) ; *Hudelson* v. *Hudelson*, 164 Ind. 694, 74 N. E. 504 (1905) ; *Stiegelmeyer* v. *Stiegelmeyer*, 49 Ind. App. 672, 97 N. E. 1023 (1912).

We agree with the contention of counsel that the statutes appear to preclude a review of this court's final decision herein. However, to hold that a party will be denied a review by our Supreme Court, would be to ignore the most recent decisions of that court.

In *State ex rel. White* v. *Hilgemann, Judge*, 218 Ind. 572, at 575, 34 N. E. 2d 129, at 130 (1941), our Supreme Court summarized the holding in *Warren* v. *Indiana Telephone Co.*, *supra*, as follows:

> "In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, it was concluded, upon a careful consideration of the authorities, that the Constitution of Indiana guarantees an absolute right to a review by this court; that the Legislature has the right to regulate and provide procedure for obtaining a review, but not to curtail or deny the right." See also: *Indianapolis Life Ins. Co.* v. *Lundquist*, 222 Ind. 359, 53 N. E. 2d 338 (1944).

Again, in the recent decision of *Troue* v. *Marker*, 253 Ind. 284, 252 N. E. 2d 800, at 802, 19 Ind. Dec. 592 (1969), our

---

9. Counsel admits that any decision by this court upon a constitutional question would be appealable to the Supreme Court, but is contending that asserted error in the introduction of evidence, rulings on motions, *et cetera* would not.

Supreme Court elaborated upon its holding in *Warren* as follows:

"In Warren v. Indiana Telephone Co. (1939), 217 Ind. 93, 26 N. E. 2d 399, we held that regardless of the fact that the statute did not provide for a transfer in such a case, this Court would nevertheless accept the case on transfer and consider the case upon appeal. In reaching that conclusion this Court made an extensive comment upon its powers. It was reasoned that the Appellate Court was primarily a court of appeals, a creature of the legislature, while the Supreme Court was a court of final appeals constitutionally created, and that although the legislature created the Appellate Court and gave it certain powers of appeal, it could not deprive the Supreme Court of its inherent right to review the actions of any lower or intermediate court by limiting the grounds for a petition to transfer. We stated that it was the intent of the framers of the Constitution that the laws of this state should be general and uniform and it is necessary that all courts take their controlling principles of law from one common source, and that source must be the Supreme Court of this state. That opinion further stated that if the legislature had not provided for a petition to transfer to this Court for review of cases in the Appellate Court, this Court at common law could exercise a procedure by writ of certiorari for such review. A litigant should not be left without the remedy of review before the Supreme Court because of a defect in the statute. Under such circumstances it would become the duty of this Court to supply the procedure."

In light of the foregoing decisions, we must assume that as a party is guaranteed a right to review by the Constitution of Indiana our Supreme Court will afford such right to the parties herein, and we are precluded by those decisions from holding to the contrary.

## C. JURISDICTION OF THE PARTICULAR CASE

It is asserted that § 64-1004a, *supra,* has no application to the cases at bar as by its terms it applies only to appeals to the circuit or superior courts allowed by Acts 1961, ch. 319, § 1004, p. 893, Ind. Stat. Anno., § 64-834, Burns' 1961 Repl., pertaining to equalization of assessments.

The compiler in its note to § 64-1004a, *supra,* comments that,

"The bracketed section references '1204' were inserted by the compiler because it seems that that was the section intended. Section 1004 would be § 64-834."

Counsel for Bethlehem Steel Corporation in their brief in support of motion to remand, at page 20, state,

"The Court, of course, has the power to correct obvious errors in legislative acts; such power, however, should be exercised only in case of necessity, as where an act makes no sense as written."

Section 64-834, *supra,* to which counsel contends § 64-1004a, *supra,* makes reference, reads as follows:

"Orders of state board certified to county—Notice—Petition for reconsideration—Hearing—Final order.—The state board of tax commissioners, within five [5] days after any equalization orders authorized under sec. 1003 [§ 64-833] shall have been adopted, shall certify to the county auditors of the various counties affected by such orders, copies of the orders adopted by said board and shall also certify copies to the county sheriff. Each county sheriff shall immediately post a copy of such order at the usual place of posting at the courthouse for the information of the public. Ten [10] or more taxpayers who are affected by any such equalization order may file a petition with the county auditor of the county to which such equalization order has been issued, not later than ten [10] days after the certification of such order. The petition shall set forth, in such form and detail as the state board of tax commissioners may prescribe and require, objections to such equalization order or any item thereof as the case may be. Upon the filing of such petition the county auditor shall immediately certify a copy of the petition, with such other information as may be necessary to present the question involved for a reconsideration, to the state board of tax commissioners, who shall have the power to affirm, modify or set aside any equalization order or orders so reviewed. The state board of tax commissioners shall, within a reasonable time, fix a date for a hearing on said petition, which shall be held in

the county to which such equalization order has been directed. At least three [3] days before the date fixed for such hearing, notice of such hearing shall be given by mail to the assessors and county assessors whose assessments are affected by such order and to the first ten [10] taxpayers whose names appear upon such petition, at the addresses on the petition. After a hearing upon such petition, the state board of tax commissioners shall certify its further action with respect thereto to the auditor, who shall immediately change the assessed valuations in the county or any township or part thereof in accordance with the provisions of such equalization order, and the action of the state board of tax commissioners with respect to said equalization orders shall be final and conclusive."

The pertinent provisions of § 64-1004a, *supra,* read as follows:

"In any appeal to the circuit or superior court pursuant to section 1004 [1204] [§ 64-1004], in which the state board of tax commissioners has determined that the taxpayer's property has a total assessed value of at least $3,000 more than the total assessed value shown on the taxpayer's returns, either the taxpayer or the state board of tax commissioners may, within ten [10] days after the attorney-general has received the complaint as provided in section 1004 [1204] [§ 64-1004], file with the clerk of the Appellate Court of Indiana, a petition for removal of the appeal to such court."

Section 64-1004a, *supra,* above, refers to "any appeal to the circuit or superior court" and "the attorney-general has received the complaint * * *." Neither of these events are stated in § 64-834, *supra* (§ 1004 of the Acts) however, both events are stated in § 64-1004, *supra* (§ 1204 of the Acts).

In our opinion it would be absurd to conclude that the Legislature intended to refer to § 1004, and it is quite clear that reference to § 1204 (Burns' § 1004), was intended and we shall interpret the provisions in that manner. We, therefore, reject the contention that this court has no jurisdiction over the particular cases at bar.

## MISCELLANEOUS PROPOSITIONS RELATING TO JURISDICTION OF THE APPELLATE COURT

Various propositions are advanced by counsel which, in our opinion, constitute psychological as opposed to legal reasons why this court should not accept jurisdiction.

In this respect, it is urged that if the court accepts jurisdiction of the tax removal cases, there are 35 such cases now pending and approximately 300 more will be removed from Lake County alone, this court will be overwhelmed with such cases.

Likewise, various inconsistencies are noted in relation to application of the Indiana Rules of Procedure to the tax removal cases. It is also asserted that problems will arise in the appointment of commissioners by this court.

In our opinion, the above merely present administrative "problems" for this court and do not warrant consideration as factors affecting jurisdiction.

Furthermore, counsel propose that application of statutes and case-law governing the appellate functions of this court will occasion insurmountable difficulty in the disposition of these causes.[10] It is sufficient to state that the proceedings instituted in this court under the 1969 Removal Act are not conducted pursuant to the court's appellate jurisdiction, but come to this court as a court of original jurisdiction and are governed by "the laws and rules governing *civil procedure in the trial of cases.*" (Emphasis supplied.) Section 64-1004a, *supra.*

## II. CONSTITUTIONAL QUESTIONS

Various arguments are advanced by counsel in support of the proposition that § 64-1004a, *supra,* is unconstitutional.

---

10. Such as: Acts 1901, ch. 247, § 12, p. 565, Ind. Stat. Anno., § 4-207, Burns' 1968 Repl.; Acts 1901, ch. 247, § 15, p. 565, Ind. Stat. Anno., § 4-209, Burns' 1968 Repl.; and *Hunter v. Cleveland, etc. R. Co.,* 202 Ind. 328, 174 N.E. 287, which counsel contends requires this court to place all of its decisions in writing.

## A. SEPARATION OF POWERS

It is urged that the 1969 Removal Act violates Art. 3, § 1, of the Constitution of Indiana in that it fails to give any guideline to be used by the State Board of Tax Commissioners in deciding which cases shall be removed to the Appellate Court.

With this contention we must disagree. Removal of a cause under the provisions of § 64-1004a, *supra*, whether accomplished by the Board or the taxpayer, is subject to dual reasonable standards. Firstly, the removal must be timely; and, secondly, any controversy relating to assessed value must be substantial. The latter requisite calls for a $3,000 deviation between the value placed upon the property by the taxpayer and the Board.

Contrary to assertions advanced, we must assume that the Board would have nothing to gain by setting the assessed value of a taxpayer's property unreasonably and excessively high so as to qualify the cause for removal to this court, because such action would be subject to reversal on the merits with as much expediency as it would have in the circuit or superior court from which the cause was removed. We feel that "reasonable standards" for the exercise of administrative discretion may exist implicitly as well as explicitly, and the Removal Statute provides reasonable standards for removal of causes to this court and does not violate Article 3, § 1, of the Constitution of Indiana.

## B. PRIVILEGES AND IMMUNITIES

It is urged that the Act violates Article 1, § 23, of the Constitution of Indiana because the $3,000 deviation in assessed value prerequisite for removal of a cause constitutes an unreasonable classification in violation of Article 1, § 23, *supra*.

Our Supreme Court has, on numerous occasions, construed this inhibition to mean that when a statute contains a clas-

sification, said classification must be reasonable and natural and there must be some inherent and substantial difference, germane to the subject and purpose of the legislation, between those included and those excluded. *School City of Elwood* v. *State, ex rel.*, 203 Ind. 626, 180 N. E. 471, 81 A. L. R. 1027 (1932) ; *Fountain Park Co.* v. *Hensler*, 199 Ind. 95, 155 N. E. 465, 50 A. L. R. 1518 (1927).

However, the Supreme Court of Indiana has exhibited profound reluctance in declaring statutory classifications unreasonable and in derogation of Article 1, § 23, *supra*. This apparent reluctance was succinctly stated by Judge Bobbitt, speaking for the court, in *Phillips, et al.* v. *Officials of Valparaiso, etc., et al.*, 233 Ind. 414, at 421, 120 N. E. 2d 398, at 401 (1954), wherein it is stated:

"The question of classification, under the privilege and immunities clause of the Indiana Constitution (Article 1, § 23) is primarily for the legislature and does not become a judicial question unless it clearly appears that the legislative classification is not based on substantial distinctions with reference to the subject-matter, or is manifestly unjust or unreasonable."

Likewise, in applying the test set forth in *Phillips,* every reasonable presumption must be indulged in favor of the constitutionality of a statute. *Tinder, Pros. Atty., et al.* v. *Music Op. Inc.*, 237 Ind. 33, 43, 142 N. E. 2d 610 (1957).

Although counsel contend that the $3,000 figure constitutes an unreasonable classification, in our opinion that conclusion is supported solely by abstract statements of counsel and not deduced from cogent argument. Further, it is our opinion that the $3,000 jurisdictional amount is not unreasonable in light of the purpose of the statute. We deem it apparent to be the intent of the Legislature to limit removal of causes to this court where the deviation in controversy is of an amount substantial enough to warrant consideration of this, a court of state-wide jurisdiction. By the same token, the

$3,000 amount serves to shield this court from a flood of litigation invoking inconsequential controversies.

The jurisdictional figure of $3,000, stated in the statute, might be subject to an assertion of arbitrariness, as would a sum of $2,000 or $4,000, but it must be considered reasonable and germane to the subject-matter.

## C. DUE COURSE OF LAW

It is urged that the statute violates the Fourteenth Amendment, § 1, to the Constitution of the United States and Article 1, § 12, of the Constitution of Indiana, in that they are deprived of a trial by jury and change of venue.

The parties do not have a constitutional right to a trial by jury in this type of civil action. As stated in *City of Crown Point* v. *Newcomer*, 204 Ind. 589, at 594-595, 185 N. E. 440, at 442-443 (1933),

"Appellant also contends that § 10448 Burns 1926, Acts 1925, p. 211, is unconstitutional and violates § 20, Art. 1, of the bill of rights of the state constitution, which provides: 'In all civil cases, the right of trial by jury shall remain inviolate.'

"The proceeding provided by Sections 10344-10350 Burns 1926 (chapter 143, Acts 1919, p. 635), is a statutory proceeding for judicial review of the acts of municipal bodies relating to assessments. Such proceedings are not 'civil cases' within the meaning of § 20, Art. 1, of our constitution.

"The constitution refers only to those cases which were civil actions at common law. *Wright* v. *Fultz* (1894), 138 Ind. 594, 38 N. E. 175; *Allen* v. *Anderson* (1877), 57 Ind. 388, and it has been held by this court that proceeding in circuit or superior courts to review special assessments or the like are not within this constitutional prohibition. *Anderson* v. *Caldwell* (1883), 91 Ind. 451; *Laverty* v. *State, ex rel.* (1886) [1887], 109 Ind. 217, 9 N. E. 774; *Campbell* v. *State* (1908), 171 Ind. 702, 87 N. E. 212, and cases therein cited."

Nowhere in the Constitution of the United States or the Constitution of the State of Indiana do we find that a person is entitled to a change of venue as a matter of right. The Legislature has provided for changes of venue by statute. It is this statutory authority upon which a party's right to a change of venue is founded.

The Legislature could curtail or even abolish change of venue as it now exists. It may be that the constitutional provisions requiring a fair and impartial trial would require a change of venue in some instances. However, in the instance upon which the statute in question is operative, the Legislature has provided the procedure by which either party may obtain a change of venue to a court with state-wide jurisdiction.

The Act here in question does not violate the Fourteenth Amendment to the Constitution of the United States or the Constitution of the State of Indiana. As stated in *Ulrich, etc. v. Beatty, Inc., et al., supra,* 139 Ind. App. 174, at 190, 216 N. E. 2d 737, at 747 (1966),

"Nor have respondents extended convincing argument that said Act violates the Fourteenth Amendment to the Constitution of the United States. Their quotation from one case concerning equal protection of law is general and its application is left entirely to this court. We feel it sufficient to state that no one, by the Act, is denied his day in court nor an appeal to the Supreme Court of Indiana. We are unaware of any law prohibiting the Legislature from changing the jurisdiction of classes of cases from one court to another. This is its perogative and, with few exceptions, it can do so within the existing courts, or even create new courts. As long as the classification is reasonable and others in like circumstances (here 'of state-wide interest') are not discriminated against and none are denied access to the courts, the provisions of the Constitution of Indiana and the Constitution of the United States are not violated."

The motion to remand filed in each cause herein is overruled.

Sullivan, P.J., Buchanan, Lowdermilk, Robertson, Staton and White, JJ., concur; Sharp, J., concurs in result.

NOTE.—Reported in 266 N. E. 2d 61.