INDIANA STATE BOARD OF REGIS-
TRATION OF ARCHITECTS,
Appellant (Defendant Below),

v.

Henry G. MEIER, Appellee
(Plaintiff Below).

No. 4–885A216.

Court of Appeals of Indiana,
Fourth District.

March 10, 1986.

Linley E. Pearson, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Indianapolis, for appellant.

Heather McPherson, Kothe Claycombe & Kortepeter, Indianapolis, for appellee.

MILLER, Judge.

The Indiana State Board of Registration for Architects (Board) brings this appeal from the Marion Superior Court, which reviewed the Board's denial of general architect Henry G. Meier's application for certification as a "landscape architect" and set aside the denial as arbitrary, capricious and in excess of the Board's statutory authority. The Board denied Meier's application for waiver of the college degree and examination requirements for certification on the basis that, although his landscape architectural experience exceeded the statutory requirement (twelve years) in terms of duration, such experience was not full-time or substantially full-time. We affirm the court below and remand this cause to the Board for further determination.

## FACTS

Prior to 1981, there was no statutory distinction between general architecture and landscape architecture. In 1981, the legislature passed the Landscape Architects' Certification Act (the Act), requiring that those who would hold themselves out as landscape architects be certified as such by the State Board of Registration for Ar-

chitects. *See* IC 25–4–2–1 to –12 (1982). The Act includes eight categories of architectural services within the statutory definition of "landscape architecture":

> "(c) 'Landscape architecture' or the 'practice of landscape architecture' means the performance of professional services ... where, and to the extent that the dominant purpose of such services is the preservation, enhancement or determination of [1] proper land uses, [2] natural land features, [3] ground cover and planting, [4] naturalistic and aesthetic values, [5] the settings and approaches to structures or other improvements, [6] site specific natural surface and subsoil drainage systems, [7] landscape grading, swales, curbs and walkways, and [8] the consideration and determination of inherent problems of the land relating to erosion, overuse, blight or other hazards."

IC 25–4–2–1(c). Apparently, general architects frequently provide such services, but, unless certified by the Board, may not hold themselves out as "landscape architects." *See id.* Sec. 1(d).

Like most professional certification statutes, the Act requires applicants for certification as landscape architect to have a college degree from an "approved curriculum" in their field (in Indiana, Ball State University and Purdue University offer approved degrees in landscape architecture) and to pass a professional examination. *See* IC 25–4–2–3(2), –4(A).

However, the legislature provided for certification for individuals who had neither a college degree in landscape architecture nor a desire to take the examination, but who did have experience in performing landscape architectural services. Thus, the legislature made permanent provision for *the college waiver* in section 3 of the Act: "In lieu of graduation from an approved college or school of landscape architecture, an applicant may be admitted to the examination upon presenting evidence of at least eight (8) years of *actual, practical experience in landscape architectural work of a grade and character satisfactory to the board.*" *Id.* Sec. 3 (emphasis added).

The legislature also included in the Act a temporary grandfather clause—in effect for six months—providing for *the exam waiver:*

"Sec. 5. The board shall waive the examination required by section 4 of this chapter for any applicant who meets all other requirements for certification and who files his application for certification with the board after December 31, 1981, and before July 1, 1982. The board shall accept in lieu of the examination and [sic] evidence that the applicant has had at least four (4) years *experience in the practice of landscape architecture* prior to making application.

*Id.* Sec. 5 (repealed 1983) (emphasis added). The Board considered the experience requirements of the two waiver provisions to be cumulative, as reflected in the following regulation promulgated by the Board:

"(A)pplicants for certification under the grandfather clause (IC 25-4-2-4) shall fall into one of two categories:

(1) A graduate from an approved college or school plus four (4) years in the practice of landscape architecture.

(2) A person with eight (8) years of actual, practical experience in landscape architecture in lieu of a degree and who has four (4) additional years in the practice, *or a minimum total of twelve (12) years of practical experience.*"

804 IAC 1.1–2–4.2(e) (Supp.1983) (emphasis added).

This case involves a general architect, Meier, who applied for certification as a landscape architect, seeking the benefits of both the Act's college waiver and exam waiver provisions. Meier was licensed as a registered architect in 1956 and began his own private practice in 1964. His firm was always a small one—at times just Meier and one draftsman, but never more than three architects and five draftsmen. On April 8, 1982, Meier applied for certification as a landscape architect under the grandfather clause and without having a college degree in landscape architecture. Meier requested a hearing before the Board after his application was initially denied, and the hearing was held on September 16, 1983. Meier presented thirty-three blueprints of architecture work he had performed in his practice that included landscape architecture in support of his contention that he had more than the "minimum total of twelve (12) years of practical experience," *see* 804 IAC 1.1-2-4.2(e) (Supp.1983), in the eight categories of architecture services included in the statutory definition of "landscape architecture" in Section 1(c) of the Act, *supra.*

Meier testified that he had regularly performed such services on a continuous basis during the nineteen years of his private practice. He stated that, because of the small size of his practice, he had to do various types of work himself that, in a larger architectural firm, would be given to a staff landscape architect. Meier admitted that if a project was particularly complex or if he was short of time, he would hire a consultant to perform landscape architectural services for him.

From Meier's testimony regarding the thirty-three blueprints he presented as exhibits, it appears most of the landscape work Meier performed was done in connection with the construction or modification of a building, although a few of his projects (such as designing and building tennis courts or regrading a parking lot) involved no structure whatsoever. Meier estimated that 15% to 25% of any job he did consisted of landscape architectural services.

Finally, Meier testified that, while he did not use the term "landscape architect" to market his services, his sales approach to potential clients was that of a full service architect, capable of performing all of the services necessary to complete a project, including landscape architecture. Meier stated he wanted to be certified as a landscape architect so that he could compete openly for that sort of work by holding himself out as a "certified landscape architect" and so that he could convince potential clients of the completeness of his services.

The Board heard this evidence and, on October 5, 1983, entered the following pertinent findings of fact, conclusions of law, and order:

### "FINDINGS OF FACT

1. Applicant filed his application with the Board for certification as a landscape architect under the grandfather clause on April 8, 1982.

\* \* \* \* \* \*

5. Applicant is a licensed architect in the State of Indiana and has been so licensed for more than twelve (12) years.,

6. In applicant's practice of architecture, he has provided certain services which are included within the definitions of landscape architecture found at IC 25–4–2–1.

7. In applicant's practice of architecture, he has devoted approximately 15–25% of his time to providing those services related to landscape architecture.

8. The amount of time applicant devotes to providing landscape architect services is not greater than the amount of time most practicing architects devote to such services.

9. Applicant has not graduated from an approved curriculum of landscape architecture.

10. Applicant has not had twelve (12) years of actual full time, or substantially full-time experience in landscape architecture.

### CONCLUSIONS OF LAW

1. The Board has jurisdiction to hear this case and to decide whether or not applicant meets the qualifications for certifications as a landscape architect under the 'Grandfather Clause.'

2. Indiana Code Section 25–4–2–3 provides that an applicant for certification who has not graduated from an approved college or school may be admitted to the examination upon 'presenting evidence of at least eight (8) years of actual, practical experience in landscape architectur-al work for a grade and character satisfactory to the board.'

3. Indiana Code section 25–4–2–5 (Grandfather clause) provides that the Board shall accept in lieu of the examination evidence that the applicant has four (4) years experience.

4. Applicants applying under the 'Grandfather Clause' who have not graduated from an approved cirriculum [sic] in landscape architecture must demonstrate a minimum of twelve (12) years of practical experience pursuant to I.C. 25–4–2–3, I.C. 25–4–2–5 and 804 IAC 1.1–2–4.2.

5. Applicant has failed to meet the burden of proving he has twelve (12) years of actual practical experience in landscape architecture.

6. Applicant fails to meet the requirements for certification under the 'grandfather clause' because he possesses less than the required practical experience.

### ORDER

Based upon the foregoing findings of fact and conclusions of law, the Board now issues the following order:

That Applicant not be granted certification as a Landscape Architect in the State of Indiana under the Grandfather Clause on the basis of lack of the required practical experience."

(R. 9–11)

Meier appealed the Board's order to the Marion Superior Court pursuant to the Administrative Adjudication Act, IC 4–22–1–14 (1982). The court below reviewed the Board's decision on the record and set the decision aside, finding in relevant part:

"10. The Board applied a greater standard to Plaintiff than that set forth in the statute, using an arbitrary requirement of 'substantially full-time experience' rather than at least 'twelve (12) years of practical experience.'

11. The decision and Order of the Board is arbitrary and capricious and an abuse of discretion, in that the Order was not based on evidence of Plaintiff's actual practical experience in landscape

architecture in quality and quantity over more than nineteen years, but was based on an arbitrary standard of substantially full-time experience, in excess of statutory requirements.

12. The decision and Order of the Board exceeds its statutory authority, in that the Board applied a standard of 'full-time or substantially full-time' practice, which standard exceeds that set forth in the statute.

13. The decision and Order of the Board is not in accordance with law, in that the Order does not reflect a fair and uniform enforcement of the standard

> to be used by the Board, as set forth in IC 25–4–2–3, IC 25–4–2–5 and 804 IAC 1.1–2–4.2, to-wit: twelve years of practical experience. The standard used by the Board of 'twelve years of actual full-time or substantially full-time experience in landscape architecture' is an arbitrary expansion of the statutory requirements."

(R. 73–74) The Board now brings this appeal, alleging its denial of Meier's application for certification as a landscape architect was within its discretion and not arbitrary and capricious.

## DECISION

We begin by noting our standard of review for administrative decisions:

"The Court of Appeals, in reviewing the decision of an administrative body, is not to substitute its own opinions and conclusions for those of the board but, rather, it must give deference to the expertise of the board. *Aaron v. Review Board, etc.,* (1981) Ind.App., 416 N.E.2d 125; and *Capital Improvement Board, etc. v. Public Service Commission,* (1978) Ind.App., 176 Ind.App. 240, 375 N.E.2d 616. Like the trial court, our duty is to review the administrative proceedings to see that the board's decision is supported by substantial evidence, that it is not arbitrary and capricious, and that the board has complied with all relevant rules of law and procedure, including its own rules. *Id.* The sole relief

either the trial court or the Court of Appeals may grant when an administrative decision is found to be unlawful is to vacate the decision and remand to the board for further determination. *Aaron, supra.* Furthermore, this court may not reweigh the evidence in reviewing a decision of an administrative body. *Clarkson v. Department of Insurance, etc.,* (1981) Ind.App., 425 N.E.2d 203.

*Metropolitan School District v. Mason* (1983), Ind.App., 451 N.E.2d 349, 351.

 The Board contends the Act grants the Board the discretion to require twelve years of full-time experience for certification of an applicant in Meier's position, who sought the benefits of both the college waiver and exam waiver provisions in the Act. We agree that section 3 of the Act grants the Board the discretion to determine what grade and character of experience over eight years will qualify an applicant for the college waiver. And, although section 5 of the Act is not so explicit, we believe the Board has the discretion to evaluate the quality of an applicant's experience over four years in determining his qualification for the exam waiver. But administrative discretion is not without limits and certainly does not include the discretion to act arbitrarily and capriciously. *See* IC 4–22–1–18.

 It is axiomatic that administrative decisions must be based upon ascertainable standards to insure consistent action. *E.g. Natural Resources Commission v. Sullivan* (1981), Ind.App., 428 N.E.2d 92; *Clarkson v. Department of Insurance* (1981), Ind.App., 425 N.E.2d 203. Here, nothing in the Act or the Board's regulations expressly limits the Board's discretion in evaluating an applicant's experience. Nevertheless, reasonable standards for the exercise of administrative discretion may exist implicitly as well as explicitly. *Beautygard Mfg. Co. of Calumet Region, Inc. v. Geeslin* (1971), 148 Ind.App. 340, 266 N.E.2d 61. In addition, it is fundamental that "[a]ny discretion vested in an administrative agency must be delimited by statutory authority delegating that discretion to

it." *Shultz v. State* (1981), Ind.App., 417 N.E.2d 1127, 1136, *rehearing denied*, 421 N.E.2d 22. Therefore, we shall look to the Act, which granted the Board discretion to evaluate an applicant's experience for purposes of the college and exam waivers, for the standards that might limit the Board's exercise of discretion.[1]

■ As described above, the statutory scheme for certification of landscape architects includes two basic requirements—a college degree from an approved curriculum in landscape architecture, IC 25–4–2–3(2), and the successful completion of the professional examination, *id.* Sec. 4(a). The Act also provides for alternatives to these basic requirements in the form of the college waiver provision, which requires at least "eight (8) years of actual practical experience in landscape architectural work of a grade and character satisfactory to the Board," *id.* Sec. 3(2); and the exam waiver provision, which requires "at least four (4) years experience in the practice of landscape architecture," *id.* Sec. 5 (repealed 1983). Because the purpose of any professional certification statute is to protect the public by insuring that only those practitioners who meet a minimum standard of competence are certified, it is reasonable to conclude the legislature intended the experiential alternatives to the two basic requirements for certification *be equivalent* to those basic requirements in terms of rendering an applicant minimally competent to perform services for the public. The reasonable standard for the exercise of the board's discretion implicit in the Act, therefore, is this standard of equivalence: The

discretion vested in the Board by the Act is limited to the discretion to determine whether an applicant seeking the benefits of both the college waiver and exam waiver provisions has at least twelve years of practical experience in landscape architecture of such quality as to render that applicant as competent to perform professional landscape architectural services as an applicant who has attained a college degree in that field and successfully completed the professional exam.

■ In the present case, the Board found that Meier did not have twelve years of "full-time experience" in landscape architecture and concluded that he was not qualified for certification under the Act because he had less than the required practical experience. *See* Finding of Fact No. 10, Conclusion of Law No. 6, *supra.* The Board heard no evidence and made no finding that twelve years of full-time experience is necessary to render an applicant in Meier's position the equivalent in competency—in the eight categories of landscape architectural services, *see* IC 25–4–2–1(c)— of an applicant with a college degree who had passed the professional exam. Thus the Board ignored the standard of equivalence implicit in the Act, which limits the Board's exercise of discretion.

■ A rational relationship between an administrative agency's findings of fact and its ultimate conclusion of law must exist and should be stated by the agency. *V.I.P. Limousine Service, Inc. v. Herider-Sinders, Inc.* (1976), 171 Ind.App. 109, 355 N.E.2d 441. The Board failed to demonstrate *any* relationship between its finding that Meier did not have twelve years of

---

1. Absent any reasonable standards to guide the exercise of the Board's discretion, the portion of the Act granting the Board discretion in evaluating an applicant's experience might be held an unconstitutional attempt to delegate legislative power to the executive branch, which in our constitutional scheme, includes administrative agencies. IND. CONST. Art. 3 Sec. 1. "[T]he General Assembly may not delegate discretionary duties to administrative officers without imposing reasonable standards under which such discretion is to be exercised." *Kryder v. State* (1938), 214 Ind. 419, 425, 15 N.E.2d 386, *quoted in Benton County Council v. State ex rel. Sparks* (1946), 224 Ind. 114, 121, 65 N.E.2d 116, 119. It

is well established that if a statute is subject to two reasonable interpretations, one of which renders the law constitutional and the other unconstitutional, this court will adopt that interpretation which upholds the statute. *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103 (citing *Evansville-Vanderburgh Authority District v. Kamp* (1960), 240 Ind. 659, 168 N.E.2d 208). Because reasonable standards for the exercise of the Board's discretion must exist to avoid an unconstitutional delegation of legislative power, and because such standards may exist implicitly, *Beautygard Mfg. Co. v. Geeslin, supra,* we look to the statutory scheme of the Act for the standards that govern the Board's discretion.

full-time experience and its ultimate conclusion that Meier was not qualified for certification under the Act, because the Board ignored the standard governing the exercise of its discretion. This standard alone could provide any rational connection between the Board's evaluation of Meier's experience and its conclusion as to his qualification for certification.

Therefore, we must agree with the court below that the Board's decision was arbitrary, capricious and an abuse of discretion. The sole relief that we may grant is to remand this case to the Board for further determination. *Metropolitan School District v. Mason, supra.* On remand, the Board may hear further evidence, if necessary, to determine whether Meier has had at least twelve years of practical experience in landscape architectural work of such quality as to render him as competent in the "practice of landscape architecture," defined in subsection 1(c) of the Act, as an applicant who has attained a college degree in this field of architecture and who has passed the professional exam.

The court below is affirmed and this cause is remanded to the Board for further determination consistent with this opinion.

SULLIVAN and CONOVER, JJ., concur.