STATE LINE ELEVATOR,
INC., Petitioner,

v.

STATE of Indiana BOARD OF TAX
COMMISSIONERS, Respondent.

No. 86T05–8709–TA–00042.

Tax Court of Indiana.

July 13, 1988.

James E. McCabe, Williamsport, for petitioner.

Linley E. Pearson Atty. Gen. by Ted J. Holaday, Lynn A. Francis, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

Petitioner, State Line Elevator, Inc., has filed an original tax appeal concerning the Respondent's, State Board of Tax Commissioners, final determination that State Line is liable for additional business personal property tax on grain stored in its elevators on March 1, 1986. The State Board has filed a motion for partial summary judgment, in which it asks this court to decide two issues as a matter of law. The issues involved are:

(1) Does State Line have a constitutional right to a jury trial in this matter?
(2) Does the tax assessment violate the Commerce Clause of the United States Constitution?

*I. Right to Jury Trial.*

This court has exclusive jurisdiction over any case that arises under the tax laws of this state and is an appeal of a final determination made by the Department of Revenue or the State Board of Tax Commissioners. IC 33–3–5–2. IC 33–3–5–13 specifies that this court shall hear such appeals without the intervention of a jury. State Line challenges the constitutionality of these statutes upon the basis of the 7th Amendment of the United States Constitution which provides:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

State Line also challenges the constitutionality of the statutes on the basis of the Indiana Constitution, Article 1, § 20, which provides, "In all civil cases, the right of trial by jury shall remain inviolate."

The 7th Amendment guarantee of a jury trial is a limitation on the federal

government; it does not prohibit states from restricting the right in state courts. *Iacaponi v. New Amsterdam Casualty Co.* (W.D.Pa.1966), 258 F.Supp. 880, *aff'd* 379 F.2d 311 (3d Cir.1967), *cert. denied,* 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 849 (1968); *Voigt v. Webb* (E.D.Wash.1942), 47 F.Supp. 743. The states may even abolish the right to jury trial absent state constitutional requirements. *New Jersey Chiropractic Ass'n v. State Bd. of Medical Examiners* (D.N.J.1948), 79 F.Supp. 327. Indiana courts have held that the 7th Amendment has no application to civil trials in this state's courts. *Hayworth v. Bromwell* (1959), 239 Ind. 430, 158 N.E.2d 285, 286 (citing *Eilenbecker v. District Ct. of Plymouth County* (1890), 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed..801; *Ex Parte Spies* (1887), 123 U.S. 131, 8 S.Ct. 21, 31 L.Ed. 80; *Pearson v. Yewdall* (1877), 95 U.S. 294, (5 Otto 289) 24 L.Ed. 436; *Edwards v. Elliott* (1874), 88 U.S. 532, (21 Wall.) 22 L.Ed. 487). Accordingly, State Line's reliance on the 7th Amendment is misplaced.

■ Prior to the creation of this court, the law provided for removal of an appeal from the circuit or superior court to the Appellate Court of Indiana. Upon removal, the Appellate Court could hear the case without intervention of a jury. The law was challenged in *Beautygard Manufacturing Co. of Calumet Region v. Geeslin* (1971), 148 Ind.App. 340, 266 N.E.2d 61, for failure to provide the right of trial by jury. The court held that "[t]he parties do not have a constitutional right to a trial by jury in this type of civil action." *Id.,* 266 N.E.2d at 71. The court further held that "[t]he Constitution refers only to those cases which were civil actions at common law." *Id.* (quoting *City of Crown Point v. Newcomer* (1933), 204 Ind. 589, 185 N.E. 440 at 442–43).

The Indiana Constitution guarantees the right to a jury trial only in those actions triable by jury at common law prior to June 18, 1852. *Estate of Ballard v. Ballard* (1982), Ind.App., 434 N.E.2d 136. Thus, the right to a trial by jury does not include a statutory proceeding. *Beautygard,* 266 N.E.2d at 71. Since the appeal at issue is a statutory proceeding, it is not within the ambit of Article 1, § 20 of the Indiana Constitution. Accordingly, the court grants summary judgment in favor of the respondent.

## II. Interstate Commerce.

■ State Line is incorporated in Indiana and stores grain owned by Indiana and Illinois farmers. Illinois farmers bring their grain to State Line's elevators, where the grain is mixed with grain owned by other farmers. The grain may be stored in either State Line's Indiana or Illinois facility. State Line contends that the State Board's assessment is violative of the Commerce Clause of the United States Constitution. The State Board requests this court to decide, as matter of law, that imposition of the tax did not violate the Commerce Clause.

In order to determine whether inventory is entitled to an exemption under the Commerce Clause, the court must review the relevant facts and apply the law accordingly. *Independent Warehouses, Inc. v. Scheele* (1947), 331 U.S. 70, 74, 67 S.Ct. 1062, 1065, 91 L.Ed. 1346; *Minnesota v. Blasius* (1933), 290 U.S. 1, 10, 54 S.Ct. 34, 37, 78 L.Ed. 131; *Arthur Walter Seed Co. v. McClure* (1957), 236 Ind. 666, 141 N.E.2d 847, *cert. denied,* 355 U.S. 906, 78 S.Ct. 333, 2 L.Ed.2d 261. The State Board, in its motion, states that no question of material fact exists regarding this issue. The court, however, does not have before it the evidence upon which the State Board made its determination. Moreover, the court does not have before it evidence regarding ownership of the grain, which was apparently significant to the State Board's final determination. Any doubt as to the existence of a factual issue must be resolved in favor of the non-movant; this is so even if a court may have to direct a verdict or enter a finding after it hears the evidence. *Houston v. First Fed. Sav. & Loan Ass'n of Gary* (1969), 144 Ind.App. 304, 246 N.E.2d 199, 205 (quoting *Pierce v. Ford Motor Co.* (4th Cir.1951), 190 F.2d 910, *cert. denied,* 342 U.S. 87, 72 S.Ct. 178, 96 L.Ed. 666). Thus, the court must deny this portion of the State Board's motion. This is not to

say that the State Board may not prevail on this issue after trial, but only that it is not entitled to judgment on the issue as a matter of law.

The court now enters summary judgment in favor of the State Board and orders that the State Line is not entitled to a jury trial in this cause. Since issues of material fact exist, summary judgment as to the Commerce Clause issue is denied.